## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JESSIE COX/BENNETT,

      Plaintiff,

v.                                                                    Case No.  5:20-cv-27-TKW/MJF

STATE OF FLORIDA, *et al*.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff Jessie Cox/Bennett, proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 and claimed that the State of Florida violated her rights under the First, Fourth, Fifth, Sixth, Eighth, and Ninth Amendments to the United States Constitution. After the undersigned instructed Plaintiff to file an amended complaint, Plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, to challenge an emergency shelter proceeding filed by the Florida Department of Children and Families in the Bay County Circuit Court. (Doc. 8).

      For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply

with two court orders.[1] To the extent Plaintiff seeks habeas relief, the undersigned recommends that the petition for a writ of habeas corpus be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    Background

Plaintiff Jessie Cox/Bennett commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated various constitutional rights.[2] The undersigned struck the complaint because Plaintiff violated the Federal Rules of Civil Procedure by including in the complaint the full name of a minor child. The undersigned directed Plaintiff to file an amended complaint which did not include the full name of the minor child.

Plaintiff also submitted a motion for leave to proceed *in forma pauperis*.

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

[2] Plaintiff purportedly is married to John Bennett. Plaintiff and John Bennet previously filed a civil action relating to the matters alleged in the instant action. *See Bennett v. Dep't of Children & Families*, No. 5:18-cv-00278-RH-MJF (N.D. Fla. Dec. 21, 2018). Later, John Bennett filed a related section 1983 civil action and a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Bennett v. Dep't of Children & Families*, No. 5:20-cv-81-RV-MJF (N.D Fla. Mar. 10, 2020); *Bennett v. Florida*, No. 5:19-cv-440-TKW-MJF (N.D. Fla. Nov. 4, 2019). It is unclear whether John Bennett is a plaintiff in the instant action. Although John Bennett is not listed on the complaint form, he is listed as a Plaintiff on the motion to seal/redact and the "Motion to Dismiss." (Doc. 7).

Because it was unclear whether John Bennett also was a Plaintiff in this action and there were inconsistencies with the form Plaintiff filed, the undersigned directed Plaintiff to clarify the inconsistencies in her motion or pay the filing fee. The undersigned imposed a deadline of April 10, 2020, to comply. (Doc. 6).

On March 23, 2020, Plaintiff filed a "Motion to Dismiss" and a "Petition for Writ of Habeas Corpus." (Docs. 7, 8).[3] She did not file an amended motion for leave to proceed *in forma pauperis* or an amended complaint, however, and she did not pay the filing fee.

The undersigned then issued an order to show cause which directed Plaintiff to explain why she failed to comply with the undersigned's order which directed her to pay the filing fee or submit an amended motion to proceed *in forma pauperis*, and which directed her to file an amended complaint. (Doc. 9). The undersigned imposed a deadline of May 29, 2020, to comply. That deadline has elapsed. As of the date of this report and recommendation, Plaintiff has not filed an amended motion for leave to proceed *in forma pauperis*, has not paid the $400.00 filing fee, and has not filed an amended complaint.[4]

---

[3] It appears that Plaintiff's motion to dismiss is seeking to dismiss a separate state civil action. It does not appear that Plaintiff intended this motion to be a Rule 12(b)(6) motion or Rule 41 motion.

[4] To the extent Plaintiff intends that her petition for writ of habeas corpus be treated as an "amended complaint," this action still is subject to dismissal, as discussed more fully below.

## II.    Discussion

The undersigned recommends dismissal of this action for (1) failure to pay the filing fee and (2) failure to comply with two court orders. To the extent Plaintiff is seeking relief under section 2254, the undersigned also recommends dismissal for lack of subject matter jurisdiction.

## A.    <u>Failure to Pay the Filing Fee</u>

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*. N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Plaintiff's original motion for leave to proceed *in forma pauperis* suffered from deficiencies and ambiguities. Accordingly, the undersigned ordered Plaintiff to file an amended motion or pay the $400.00 filing fee. The undersigned specifically warned Plaintiff that her failure to pay the fee or file an amended motion likely would result in dismissal. (Docs. 6, 9). Plaintiff failed to pay the filing fee and failed to file an amended motion for leave to proceed *in forma pauperis*. Despite the undersigned issuing an order to show cause, Plaintiff did not explain why she failed to pay the filing fee or otherwise comply with the undersigned's order. Thus, pursuant to 28 U.S.C. § 1914 and the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

## B.    <u>Failure to Comply with Two Court Orders</u>

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may

dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)   The duration of Plaintiff's failure to comply.** On March 20, 2020, the undersigned ordered Plaintiff to: (1) file an amended complaint or a notice of voluntary dismissal; and (2) pay the filing fee or file an amended motion for leave to proceed *in forma pauperis*. The undersigned imposed a deadline of April 10, 2020, to comply. Thus, Plaintiff has failed to comply with that order since April 10, 2020.

**(2)   Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

      a.    the order issued on March 20, 2020; and

      b.    the order issued on May 14, 2020.

**(3)  Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff her failure to comply with the respective orders likely would result in dismissal. (Docs. 6, 9). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4)  Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile her claim should she choose to pursue it in the future. Thus, dismissal without prejudice would not result in substantial prejudice to her.

**(5)  The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of this civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6)  The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is

important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)   The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

## C.   <u>Lack of Subject Matter Jurisdiction Over The Habeas Petition</u>

To the extent Plaintiff intended her habeas petition to be her "amended complaint," it is subject to dismissal for lack of subject matter jurisdiction.

A district court may entertain a habeas petition on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Plaintiff premises her putative habeas petition on the notion that her son is involuntarily in the custody of the State because he is in a foster or adoptive home pursuant to an order issued by a State court. Plaintiff claims that the process that resulted in her losing custody of her son violated her constitutional rights. A section 2254 action, however, cannot be used to obtain federal collateral review of the type of state court judgment at issue here.

In *Lehman v. Lycoming Cty. Children's Servs.*, 458 U.S. 502 (1982), the Supreme Court held that § 2254 does not confer "jurisdiction on the federal courts to consider collateral challenges to state-court judgments involuntarily terminating parental rights." *See id.* at 503, 515-16; *Hensley v. Mun. Court*, 411 U.S. 345 (1973); *Jones v. Cunningham*, 371 U.S. 236 (1963); *Carafas v. LaVallee*, 391 U.S. 234 (1968). Therefore, to the extent Plaintiff seeks to convert this section 1983 action into an action under section 2254, the court lacks subject-matter jurisdiction. When a federal court lacks subject matter jurisdiction, it must dismiss the action without prejudice. Fed. R. Civ. P. 12(h)(3).

## IV.    Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The § 1983 action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and her failure to comply with two court orders.

2. The Plaintiff's petition for a writ of habeas corpus (Doc. 8) be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

3. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 20th day of July, 2020.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.